CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

April 29, 2020

JULIA C. DUDLEY, CLERK
BY: K Ayersman
    DEPUTY CLERK

IN THE
UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 4:20-cr-00014 |
| v. | ) | **INFORMATION** |
| | ) | |
| MELIK ZYDARIUS SMITH | ) | In Violation of: |
| a/k/a "Shoota" | ) | 18 U.S.C. § 1962(d) |
| | ) | 18 U.S.C. § 1963 |
| | ) | 18 U.S.C. § 924(j) |

**COUNT ONE**
Racketeering Conspiracy

The United States Attorney charges that:

Introduction

1. The New York Bloods Nation (herein, "Bloods") street gang was formed in 1993 in New York City.

2. The Bloods street gang is comprised of individual units, or "sets," each identified or affiliated with a certain street, neighborhood, or geographic area.

3. The MILLAs ("MILLAs") is a set of the Bloods street gang that has operated in Danville, Virginia, which is in the Western District of Virginia, since at least sometime in or about 2015.

   a. In addition to their violent criminal activity, the MILLAs derive income from drug distribution and sales of firearms and stolen property.

1

USAO 2018R00304

b. The MILLAs operate within a defined geographic territory within Danville, Virginia. MILLAs maintain control over their territory through the use of violence.

b. Members of the MILLAs are mainly initiated through "beat ins" that typically consist of a twenty-one second beating by multiple gang members. A member can also be "blessed in" by doing a predetermined crime or list of crimes, such as a murder or a series of robberies or by virtue of having belonged to another Bloods set.

c. The MILLAs commonly utilize a variety of unifying marks, manners, and identifiers, including "gang signs" that are specific to the gang organization. Among others, these insignia include the 5-pointed star. The members of the MILLAs often identify themselves by using one hand to form an "M," showing they are members of the MILLA Bloods gang. Members of the MILLAs also identify themselves with red colored clothing or wearing a red bandana or "flag," as is typical with Bloods gangs nationally.

d. The MILLAs operate under a specific hierarchy and leadership structure. Generally, members are ranked based upon how long an individual has been a member of the gang, the number and severity of crimes an individual has committed on behalf of the gang, and other contributions to the gang and its enterprise. Different "positions" within the gang have different names, such as "one-star" or "Low" which indicates the level that person holds within the gang structure. Members can advance within the

2

leadership structure. The MILLAs function according to a set of rules sometimes contained in "books of knowledge." The books of knowledge can describe such things as the leadership structure, oaths, regulations, and gang history.

    e. Members of the MILLAs are required to possess firearms. Members of the MILLAs show themselves brandishing these weapons in publicly available videos and photographs on social media, such as Facebook, in order to promote the gang's violent and intimidating image. The members of the MILLAs also use social media as a recruitment tool.

4. At all times relevant to this Information, the MILLAs, in the Western District of Virginia and elsewhere, engaged in criminal activity, including but not limited to: assault; robbery; attempted murder; murder; drug trafficking; and conspiracy to commit those crimes. The MILLA members committed criminal acts, including acts of violence, to maintain membership within the gang.

### The Racketeering Enterprise

5. At all times relevant to this Information, defendant, MELIK ZYDARIUS SMITH, and others known and unknown, were members and associates of a criminal organization, the MILLAs, a set of the Bloods street gang, engaged in, among other things, acts involving murder, robbery, assault, and the trafficking of controlled substances, within the Western District of Virginia and elsewhere.

6. The MILLAs, including its leadership, membership, and associates, constituted an "enterprise," as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact. The enterprise constituted an ongoing organization whose

USAO 2018R00304

members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise. This enterprise was engaged in, and its activities affected, interstate and foreign commerce.

## Purposes of the Enterprise

7. The purposes of the enterprise included promoting and enhancing the enterprise and its reputation through, among other things, committing acts of violence, including acts involving murder and assault; enriching its members and associates through among other things, trafficking in controlled substances and committing acts of violence; prolonging the activities of the enterprise by providing assistance to members of the enterprise who committed crimes for and on behalf of the enterprise; and by thwarting efforts of law enforcement to apprehend enterprise members.

## Manner and Means of the Enterprise

8. Among the manner and means by which the members and their associates conducted and participated in the conduct of the affairs of the enterprise were the following:

    a. Members engaged in shootings and acts involving murder;

    b. Members of the enterprise and their associates robbed individuals and businesses;

    c. Members of the enterprise and their associates trafficked in firearms, which involved the straw purchase of the firearms in Virginia and selling them in other states;

    d. Members of the enterprise and their associates obstructed justice by destroying and hiding evidence and firearms and intimidating

witnesses with the intent to impair their availability for use in an official proceeding;

e. Members of the enterprise and their associates distributed controlled substances, and used the proceeds of those drug transactions to benefit gang members and to help finance their enterprise.

Role of the Defendant and His Co-Conspirators

9. The roles of the defendant and co-conspirators included, but were not limited to, the following:

a. DASHAWN ROMEER ANTHONY, a/k/a "Shon Don" or "Stunna," was a member of the MILLAs, and was a leader of the enterprise who directed and guided other members of the enterprise in carrying out certain unlawful and other activities in furtherance of conducting the enterprise's affairs. His rank was a "Low" (also called "Big Homie"), which placed him at the top of the racketeering enterprise hierarchy in Danville at times relevant to this Information.

b. DEMETRIUS ALLEN STATEN, a/k/a "Truck," was "blessed" into the MILLAs by ANTHONY and maintained a leadership position in the racketeering enterprise. STATEN's position within the racketeering enterprise was as a 5-Star, one level below co-defendant ANTHONY.

c. TREDARIUS JAMERIQUAN KEENE, a/k/a "Bubba" or "Bubs" was a member of the MILLAs and was, at one time, ranked as a 5-star.

d. MONTEZ LAMAR ALLEN, a/k/a "Doc" was a member of the MILLAs.

e. JAVONTAY JACQUIS HOLLAND, a/k/a "Tay" or "Reckless" was a member of the MILLAs and, at one time, held various leadership ranks for the racketeering enterprise.

f. TANASIA LASHAE COLEMAN, a/k/a "Nasia" was a member of the MILLAs and, at one time, may have held the rank of 1-Star.

g. JERMAY SMITH, JR., a/k/a "Little Trill" was a member of the MILLAs.

h. JALEN CORMARRIUS TERRY, a/k/a "Fats" held a leadership position as a 5-Star in the MILLAs at one time.

k. MELIK ZYDARIUS SMITH, a/k/a "Shoota" was a member of the MILLAs.

The Racketeering Conspiracy

10. From within or about sometime in 2015, the exact date being unknown to the Grand Jury, and continuing through the date of this Information, in the Western District of Virginia and elsewhere, the defendant, MELIK ZYDARIUS SMITH, together with other persons known and unknown, being persons employed by and associated with the MILLAs, an enterprise which was engaged in, and the activities of which affected interstate and foreign commerce, knowingly and intentionally did combine, conspire, confederate and agree with each other, and with persons known and unknown to the Grand Jury, to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity, as that term is defined by Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of multiple acts involving:

    a.    Murder, chargeable under Virginia Code, Section 18.2-32, 18.2-22, 18.2-26 and 18.2-18 and the common law of Virginia;

    b.    Robbery, chargeable under Virginia Code, Section 18.2-58, 18.2-22, 18.2-26 and 18.2-18 and the common law of Virginia;

multiple acts indictable under:

    c.    18 U.S.C. § 1512 (Tampering with a witness, victim, or an informant);

multiple offenses involving:

    d.    Trafficking in controlled substances in violation of 21 U.S.C. §§ 841 and 846.

11.    It was further part of the conspiracy that MELIK ZYDARIUS SMITH agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise.

## Overt Acts

12.    In furtherance of the conspiracy and to achieve the objective thereof, MELIK ZYDARIUS SMITH and others known and unknown, performed and caused to be performed a number of overt acts in the Western District of Virginia and elsewhere. The overt acts performed by the conspirators included, but are not limited to:

    a.    On or about August 20, 2016, MELIK ZYDARIUS SMITH, and others known and unknown, murdered Christopher Lamont Motley and shot at and attempted to murder Justion Wilson in the Southwyck Apartment complex in Danville, Virginia.

    b.    During the period of the conspiracy, MELIK ZYDARIUS SMITH, and others known and unknown, trafficked in controlled substances throughout the Danville, Virginia area.

## NOTICE OF SPECIAL SENTENCING FACTOR

13. On or about August 20, 2016, in the Western District of Virginia, MELIK ZYDARIUS SMITH, and others known and unknown, did willfully, deliberately and with premeditation, kill Christopher Lamont Motley, in violation of Virginia Code Sections 18.2-32 and 18.2-18.

14. All in violation of Title 18, United States Code, Sections 1962(d) and 1963.

## COUNT TWO
Use of Firearm During a Violent Crime in Aid of
Racketeering, to-wit: Murder of Christopher Lamont Motley

15. On or about August 20, 2016, MELIK ZYDARIUS SMITH, along with others known and unknown, in the Western District of Virginia, did knowingly use, carry, brandish and discharge a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, a violation of Title 18, United States Code, Section 1959(a)(1), murder in aid of racketeering, and Section 1959(a)(5), attempted murder in aid of racketeering of Christopher Lamont Motley, and in the course of a violation of Title 18, United States Code, Section 924(c), caused the death of a person through the use of a firearm, which killing is murder as defined in Title 18, United States Code, Section 1111(a).

16. All in violation of Title 18, United States Code, Sections 2 and 924(j).

Dated: April 24, 2020

THOMAS T. CULLEN
UNITED STATES ATTORNEY

USAO 2018R00304