CLERKS OFFICE U.S. DIST. COURT
LYNCHBURG, VA
FILED
April 01, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ B. McAbee
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Criminal No. 4:20-cr-00014 |
| v. ) | |
| ) | By:   Michael F. Urbanski |
| MELIK ZYDARIUS SMITH, ) | Senior United States District Judge |
| Defendant-Petitioner ) | |

## MEMORANDUM OPINION

This matter comes before the court on defendant Melik Zydarius Smith's pro se motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), commonly known as a motion for "compassionate release." ECF No. 35. The Federal Public Defender was given an opportunity to supplement Smith's petition but declined to do so. ECF No. 39. The government filed a response in opposition, ECF No. 42, and for the reasons stated herein, the court will **DENY** the motion.

### I. Background

On April 29, 2020, Smith was charged via information with two counts related to his role in the Milla Bloods street gang and the murder of Christopher Motley.[1] ECF No. 1. Count One charged him with participating in a racketeering conspiracy, with special sentencing factors, in violation of 18 U.S.C. § 1962(d) and 1963. Id. Count Two charged him with use of a firearm during and in relation to a crime of violence for which he could be prosecuted in a court of the United States, that is, a violation of 18 U.S.C § 1959(a)(1), murder in aid of

---

[1] Smith initially was charged with seventeen counts of juvenile delinquency under 18 U.S.C. § 5032. United States v. MZS, 4:18cr00014 (W.D. Va. filed June 11, 2018) at ECF No. 1. However, on March 20, 2019, the district court adopted the United States Magistrate Judge's Report and Recommendation and transferred the proceedings to adult criminal status. Id. at ECF Nos. 94, 95.

1

racketeering, and Section 1959(a)(5), attempted murder in aid of racketeering, and in the course of a violation of 18 U.S.C. § 924(c), causing the death of a person through the use of a firearm, which killing is murder as defined in 18 U.S.C. § 1111(a), all in violation of 18 U.S.C. §§ 2 and 924(j).[2] Id. Smith pled guilty to both counts pursuant to a Rule 11(c)(1)(C) plea agreement. ECF Nos. 5, 6, 8. On December 2, 2020, Smith was sentenced to 228 months in prison to be followed by five years of supervised release. Am. J., ECF No. 30. Smith currently is housed at Federal Correctional Institution Beckley and has a projected release date of August 3, 2034.[3]

Smith presents three arguments in support of his motion for compassionate release: (1) his youthfulness at the time he committed the offenses warrants a sentence reduction; (2) changes brought about by United States v. Taylor, 596 U.S. 845 (2022), have rendered invalid his conviction on Count Two; and (3) he no longer is a danger to society given his rehabilitative efforts. Smith also asks the court to consider the personal challenges he has faced since being incarcerated. Id. at 3–4. The government counters that Smith fails to meet the requirements for compassionate release under 18 U.S.C. § 3582(c)(1)(A) and USSG § 1B1.13. Resp., ECF No. 42.

## II. ANALYSIS

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion

---

[2] Offenses under 18 U.S.C. § 1959, "violent crimes in aid of racketeering," are commonly referred to as VICAR crimes.

[3] https://www.bop.gov/inmateloc/ (search term "Melik Zydarius Smith") (last viewed March 5, 2026).

of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, Smith's requested relief requires the court to consider (1) if he exhausted his administrative remedies; (2) if so, whether there are extraordinary and compelling reasons that warrant a reduction in his sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors.

## A. Exhaustion

The court begins by considering the threshold requirement for obtaining relief under § 3582(c)(1)(A). United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021). This requirement, which is non-jurisdictional, is "satisfied if a defendant requests the Bureau of Prisons to bring a motion [for compassionate release] on their behalf and either fully exhausts all administrative rights to appeal the Bureau's decision or waits 30 days from the date of their initial request to file a motion in the district court." Id. at 131. A defendant "is not required to exhaust his administrative remedies with the BOP at all beyond making the initial request for compassionate release." United States v. Ferguson, 55 F.4th 262, 268 (4th Cir. 2022).

3

Smith submitted a compassionate release request to the warden at his facility on February 2, 2025, which was denied. Mot., ECF Nos. 35 at 4; 35-1. He filed his motion for compassionate release on February 21, 2025. Id. The United States does not contest that Smith has satisfied the exhaustion requirements of § 3582(c)(1)(A). Resp., ECF No. 42 at 9–10. Accordingly, the court finds that Smith has fully satisfied the statute's administrative exhaustion requirement.

## B. Extraordinary and Compelling Reason

The court next considers whether it should reduce the term of imprisonment. Effective November 1, 2023, the United States Sentencing Commission amended the policy statement that addresses motions for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) when a defendant alleges that extraordinary and compelling reasons warrant a reduction. See U.S. SENT'G COMM'N, GUIDELINES MANUAL § 1B1.13 (Nov. 2023) (USSG or guidelines). The policy statement in the revised guidelines now provides in USSG § 1B1.13(b) that an "extraordinary and compelling" reason warranting compassionate release can exist under any of the following circumstances, each of which includes detailed requirements and caveats: (1) medical circumstances of the defendant; (2) age of the defendant; (3) family circumstances of the defendant; (4) victim of abuse; (5) other reasons; and (6) unusually long sentence.

### (1) Youth at Time of Offenses

Smith argues that USSG § 5H1.1, amended in November 2024, warrants a reduction in his sentence. Mot., ECF No. 35 at 1–2. That amendment recognized "[c]ertain risk factors may affect a youthful individual's development into the mid-20s and contribute to involvement in criminal justice systems" and "criminal behavior tends to decrease with age[,]"

4

so that "[a] downward departure . . . may be warranted due to the defendant's youthfulness at the time of the offense or prior offenses." USSG § 5H1.1 (amended Nov. 1, 2024). However, this amendment does not help Smith because the United States Sentencing Commission (the Commission) deleted it effective November 1, 2025. See, generally, USSG App C, Vol. IV, Amendment 836; see also Reason For Amendment, id. at 421–23.

Nevertheless, the deleted departure provisions are preserved in Appendix B, and the Commission stated that the removal "does not limit the information courts may consider in imposing a sentence nor does it reflect a view from the Commission that such facts should no longer inform a court for purposes of determining the appropriate sentence." See USSG Ch. 1 Pt. A intro. comment. (Nov. 2025); App C, Vol. IV, Amendment 836 at 352 (Nov. 2025). Therefore, the court finds it appropriate to consider Smith's contention that his youthfulness serves as an extraordinary and compelling reason for a sentence reduction under USSG § 1B1.13(b)(5)'s "other reasons" catchall category.[4]

Under that provision of the policy statement, a defendant must show "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." This is a difficult standard to meet. See United States v. Anderson, No. 2:98-cr-143, 2025 WL 1644020, at *6 (E.D. Va. June 10, 2025) (internal citations omitted) (finding that to qualify for relief under § 1B1.13(b)(5),

---

[4] While USSG § 1B1.13(b)(2) addresses when the age of a defendant might serve as an extraordinary and compelling reason for a sentence reduction, that subsection of the policy statement does not contemplate that a defendant's youth could serve as a basis for compassionate release. Rather, it contemplates compassionate release for a defendant who "is at least 65 years old . . . is experiencing a serious deterioration in physical or mental health because of the aging process . . . and has served at least 10 years or 75 percent of his or her term of imprisonment." Id.

5

circumstances must be similar to a terminal medical condition, dire family emergency, or abuse at the hand of a custodian).

Smith, who was seventeen years old when he was charged, argues that his age rendered him more likely to be involved in criminal acts because he was influenced by his peers in his community. Mot., ECF No. 35, at 4. He cites "the evolving science and data surrounding youthful individuals, including recognition of the age-crime curve and that cognitive changes lasting into the mid-20s affect individuals['] behavior and culpability." Smith takes accountability for his crimes but also notes that he has become "aware of his irrational thought pattern that brought him to prison and has grown with the aid[] of counseling and . . . proactive programming[.]" Id. The court appreciates Smith's introspection and acknowledges the relationship between age, influential forces, and rational decision-making. However, Smith's youthfulness at the time of the offenses is not similar in gravity to the reasons constituting extraordinary and compelling circumstances in paragraphs (1) through (4). See, e.g., United States v. Crenshaw, No. 2:90cr117, 2025 WL 618869, at *4 (E.D. Va. Feb. 26, 2025) ("Because the Sentencing Commission's 'amended policy statement does not address youth [alone] as an extraordinary and compelling reason,' and Defendant fails to establish that any of the circumstances enumerated in § 1B1.13(b) (1)-(4) apply to his situation, the Court finds that Defendant's age is not a standalone extraordinary and compelling circumstance."); United States v. Rucker, No. 3:09-cr-00028, 2022 WL 1184670, at *3 (W.D. Va. Apr. 21, 2022) (noting that youth alone is an insufficient basis for a sentence reduction).

Moreover, the court considered Smith's youthfulness when it imposed his sentence. See Statement of Reasons, ECF No. 28 at 4 ("The egregious nature of the violent street gang

activity in this case caused the court to impose a sentence closer to the top end of the agreed upon ranges with a twelve month reduction due to [Smith's] age, 17, at the time of the shooting."); see also id. at 3 (stating as the basis for a variance "[Smith] was a member of a violent street gang. Although only 17 at the time, he participated in the planned ambush of a rival gang leader in an apartment complex parking lot, resulting in the death of an innocent victim").[5] The court also noted Smith's lengthy juvenile delinquency record at sentencing, notwithstanding his contention herein that he "only had one prior offense, which was a trespassing charge." Mot., ECF No. 35, at 2; Presentence Investigation Report, ECF No. 29, at 24–35. Ultimately, the court imposed a sentence below the guidelines range based on Smith's plea agreement, role in the offense, age, and lack of youthful guidance. See Statement of Reasons, ECF No. 28 at 3.

In sum, Smith's age at the time he committed the offenses is not an extraordinary and compelling reason for a sentence reduction under USSG § 1B1.13(b)(5). In addition, the court adequately considered Smith's age at the time of sentencing. Accordingly, his motion for compassionate release based on his youthfulness at the time he committed his offenses is **DENIED**.

### (2) Change in the Law

Smith also argues that a change in the law following his conviction and sentencing in 2020 warrants compassionate release. Mot., ECF No. 35, at 3. The court will assess this claim under USSG § 1B1.13(b), which provides the following:

> (6) Unusually Long Sentence.--If a defendant received an unusually long sentence and has served at least 10 years of the

---

[5] The Statement of Reasons is filed under seal.

term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

(c) Limitation on Changes in Law.--Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

USSG §§1B1.13(b)(6) and (c).

First, Smith has not served ten years on his convictions and therefore § 1B1.13(b)(6) does not apply to him. Second, even if he had served ten years of the term, his argument that use of a firearm during a violent crime in aid of racketeering is no longer considered a crime of violence is without merit. Mot., ECF No. 35, at 3. He relies on the Supreme Court's decision in United States v. Taylor, 596 U.S. 845 (2022), where the Court held that attempted Hobbs Act robbery does not qualify as a crime of violence under 18 U.S.C. § 924(c)(3)(A). However, the holding in Taylor does not help Smith because his conviction did not involve Hobbs Act robbery, attempted or otherwise. See Information, ECF No. 1 and Am. J., ECF No. 30.

To the extent that Smith is arguing that after United States v. Simmons, 11 F.4th 239, 257 (4th Cir. 2021), racketeering conspiracy is no longer considered a crime of violence, he is correct. As the Fourth Circuit stated, "Whether the RICO conspiracy statute is divisible or

8

indivisible, we conclude that . . . RICO conspiracy convictions are not categorically a crime of violence." The Court arrived at that conclusion in the context of determining whether a RICO conspiracy conviction could serve as a predicate "crime of violence" for purposes of 18 U.S.C. § 924(c). Id. at 247–48.

However, in Smith's case, the RICO conspiracy was not the offense on which Smith's § 924(c) conviction was predicated. Rather, Smith's § 924(c) offense was predicated on his use of a firearm during and in relation to murder. Count Two of the information to which Smith pled guilty charged him with the following:

> Use of Firearm During a Violent Crime in Aid of Racketeering, to wit: Murder of Christopher Lamont Motley
>
> On or abut August 20, 2016, MELIK ZYDARIUS SMITH, along with others known and unknown, in the Western District of Virginia, did knowingly use, carry, brandish and discharge a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, a violation of Title 18, United States Code, Section 1959(a)(1), murder in aid of racketeering, and Section 1959(a)(5), attempted murder in aid of racketeering of Christopher Lamont Motley, and in the course of violation of Title 18, United States Code, Section 924(c), caused the death of a person through the use of a firearm, which killing is murder as defined in Title 18, United States Code, Section 1111(a).
>
> All in violation of Title 18, United States Code, Section 2 and 924(j).

Information, ECF No. 1 at 8. Thus, the predicate crime on which Count Two was based was not RICO conspiracy, but murder in aid of racketeering and attempted murder in aid of racketeering, based on Motley's murder, both of which are crimes of violence for purposes of § 924(c). See United States v. Tipton, 95 F.4th 831, 847 (4th Cir. 2024) (concluding that VICAR murder "necessarily requires the use of violent force and thereby satisfies the § 924(c)

9

force clause."); United States v. Jackson, 32 F.4th 278, 287 (4th Cir. 2022) ([P]remeditated murder in violation of §1111(a) is categorically a 'crime of violence.'"); Gordillo Portocarrero v. United States, No. 1:16-cv-00763 (LMB), 2019 WL 181119, at *7 (E.D. Va. Jan. 11, 2019) (concluding that attempted murder is a crime of violence for purposes of § 924(c)).[6]

Thus, the Simmons case does not help Smith and his claim that his underlying conviction is no longer considered a crime of violence is without merit. Accordingly, Smith's motion for compassionate release based on a change in the law is **DENIED**.

**(3) Rehabilitation**

Finally, Smith tells the court that he no longer is a danger to society given his efforts towards rehabilitation. He also asks the court to consider the various personal challenges he has faced while incarcerated, including the death of his parents and the difficulties posed by the COVID-19 pandemic. Mot., ECF No. 35, at 3–4. The court acknowledges and appreciates Smith's efforts towards rehabilitation and is sympathetic to his personal losses and difficulties. Nevertheless, any argument that he is entitled to a sentence reduction on that basis is foreclosed by USSG § 1B1.13(d). That section of the sentencing guidelines provides that "pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." USSG § 1B1.13(d). Rehabilitation "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment

---

[6] It is not relevant that Smith was convicted under § 924(j) rather than § 924(c) because § 924(c) contains the controlling definition for § 924(j). United States v. Roof, 10 F.4th at 314, 398 (4th Cir. 2021). Also, because the definition of "crime of violence" in § 924(c) is almost identical to the definition of "violent felony" in the Armed Career Criminal Act (ACCA), decisions interpreting one such definition are persuasive as to the meaning of others. Id., n.61.

10

is warranted." Id. See also United States v. Graves, No. 7:16-cr-00056, 2020 WL 2847631, at *2 (W.D. Va. June 2, 2020) (noting that "[r]ehabilitation, standing alone, 'shall not be considered an extraordinary and compelling reason' for sentence reduction").

Because Smith has not sufficiently alleged or provided evidence of any other extraordinary and compelling reason for a sentence reduction, the court will not consider his rehabilitation as a standalone reason for a sentence reduction. His motion for a sentence reduction based on his rehabilitation is **DENIED**.

### C. 18 U.S.C. § 3553(a) Factors

Because the court determined that Smith has not shown an extraordinary and compelling reason for a sentence reduction, it need not assess the § 3553(a) factors. See United States v. Bethea, 54 F.4th 826, 833 (4th Cir. 2022) (describing the "extraordinary and compelling" reasons for relief as a threshold for eligibility); see also United States v. Elias, 984 F.3d 516, 519 (6th Cir. 2021) ("[D]istrict courts may deny compassionate release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others.").

### III. Conclusion

For the above-stated reasons, the court **DENIES** Smith's motion for a sentence reduction, ECF No. 35. An appropriate order will be entered.

It is so **ORDERED**.

Entered: *April 1, 2026*

Michael F. Urbanski
Senior United States District Judge

11